## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Baila Wercberger, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br><br><br><br>       -v.-<br>Kirschenbaum & Phillips, P.C.,<br>CACH, LLC,<br><br>                  Defendant(s). | Civil Action No: 1:21-cv-2677<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Baila Wercberger (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendants Kirschenbaum & Phillips, P.C. and CACH, LLC (hereinafter, "Defendant Kirschenbaum" and "Defendant CACH" respectively, or "Defendants" together) individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Kings.

8. Defendants are each a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

9. Defendant Kirschenbaum has a mailing address of Kirschenbaum & Phillips, P.C., 40 Daniel Street, Suite 7, Farmingdale, New York, 11735.

10. Defendant CACH has an address for service of Corporation Service Company, 80 State Street, Albany, New York, 12207.

11. Upon information and belief, Defendants are each a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individual consumers living in the State of New York;

   b. to whom Defendant Kirschenbaum sent a collection letter attempting to collect a consumer debt;

   c. on behalf of Defendant CACH;

   d. that failed to include any information regarding the accrual of interest, fees and/or additional costs if not paid by the provided dates;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e.

17.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

     a.     **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

     b.     **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue

is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.    Some time prior to March 8, 2021 an obligation was allegedly incurred to the original creditor, Washington Mutual Bank, NA.

23.    Upon information and belief, Washington Mutual Bank, NA transferred the defaulted debt to Defendant CACH for the purpose of debt collection. Therefore, Defendant CACH is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

24.    Upon information and belief, Defendant CACH contracted with Defendant Kirschenbaum to collect the defaulted debt. Therefore, Defendant Kirschenbaum is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25.    As Defendant Kirschenbaum was contracted as its agent, Defendant CACH is liable for any and all violations arising from Defendant Kirschenbaum's actions that were performed within the scope of its agency.

26.    Upon information and belief, the original subject obligation arose out of a credit card debt. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

27.    The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

28.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

29.     Defendants use the instrumentalities of interstate commerce or the mails in their businesses, the principal purpose of which is the collection of debts. Defendants also regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendants are each a "debt collector" as defined by 15 U.S.C.§ 1692a(6)

*Violation – March 8, 2021 Collection Letter*

30.     On or about March 8, 2021, Defendant Kirschenbaum sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Defendant CACH. (See "Letter" at Exhibit A.)

31.     Towards the top of the Letter, in relevant part, it states:

Judgment Entry Amount: $6,303.44

Current Balance: $9,315.52

32.     Defendant Kirschenbaum failed to advise the Plaintiff that the balance due against the Plaintiff would increase. Defendant Kirschenbaum also failed to advise the Plaintiff as to the nature of any balance increase. For example, there was no warning that if Plaintiff failed to repay the debt in full by a particular date, the balance would increase due to the accrual of interest, additional fees or otherwise.

33.     Plaintiff incurred an informational injury as Defendant Kirschenbaum failed to include in the letter the fact that interest or fees would continue to accrue beyond the stated balance in the Letter.

34.     Had Plaintiff known the balance was going to rise, especially so significantly, she would have attempted to work with Defendant Kirschenbaum to resolve this debt.

35.     These violations by Defendants were unconscionable, knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

36.     Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

37.     Defendants' deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts.

38.     Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

39.     Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letters to her detriment.

40.     Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

41.     As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
***et seq.***

42.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45.     Defendants violated §1692e:

    a.  As the letter falsely represents the character and/or legal status of the debt in violation of §1692e(2); and

    b.  By making a false and misleading representation/omissions in violation of §1692e(10).

46.     By reason thereof, Defendants are both liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

47.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Baila Wercberger, individually and on behalf of all others similarly situated, demands judgment from Defendants Kirschenbaum & Phillips, P.C. and CACH, LLC as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 13, 2021                              Respectfully Submitted,

**STEIN SAKS, PLLC**

**  /s/ Tamir Saland    **
Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ 07601
Ph:  201-282-6500 ext. 122
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*